IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARNOLD RUSSELL THREET | : | |
| | : | |
| v. | : | CIVIL NO. CCB-16-3781 |
| | : | Criminal No. CCB-14-020 |
| UNITED STATES OF AMERICA | : | |

...o0o...

## **MEMORANDUM**

Federal prison inmate Arnold Threet filed a motion to vacate his sentence under 28 U.S.C. § 2255 on November 23, 2016. The motion has been fully briefed and will be denied.

On July 5, 2013, Threet robbed a federally-insured bank in Baltimore County, Maryland. Initially, he was charged in state court, but his trial was postponed in November 2013 when the U.S. Attorney's Office advised the state prosecutor that federal charges might be brought.[1] A federal indictment was returned on January 15, 2014, at which time the state charges were dismissed and Threet was transferred to federal custody.

On November 12, 2014, represented by appointed CJA counsel Nicholas Vitek, Threet entered a guilty plea to bank robbery in violation of 18 U.S.C. § 2113. On February 20, 2015, he was sentenced to 120 months in the custody of the Bureau of Prisons. His sentence was upheld on appeal. (Judgment of USCA, ECF No. 47.) This § 2255 motion followed.

Threet appears to claim that (1) there was a violation of the Speedy Trial Act, 18 U.S.C. § 3161, when the federal indictment was not returned within 30 days of the postponement of his state trial; (2) Mr. Vitek was ineffective for failing to have the indictment dismissed on the basis of the supposed Speedy Trial violation; and (3) Mr. Vitek was ineffective for advising Threet to

---

[1] Threet had a prior federal bank robbery conviction in 1998 for which he had been sentenced to 110 months incarceration.

accept an "ambiguous" plea agreement and for not moving to withdraw the plea when the government allegedly violated its terms.  None of these claims have merit.

First, Threet waived his right to raise the Speedy Trial issue as part of his guilty plea. (Plea Agreement, ECF No. 25, at § 4(a), (f); Rearraignment Trsp., ECF No. 40, at 13.)  He also failed to raise the issue on direct appeal.

Second, Mr. Vitek was not ineffective for failing to raise the issue before the plea.  There was no violation of the Act, because there is no indication that Threet was being held by the state solely to answer federal charges.  *See United States v. Woolfolk*, 399 F.3d 590, 595-96 (4th Cir. 2005.)  It is worth noting that Threet, fully aware that the supposed Speedy Trial issue had not been raised, nonetheless stated at the rearraignment that he was fully satisfied with Mr. Vitek's representation.  (Rearraignment Trsp. at 13-14.)

Third, Mr. Vitek was not ineffective in his representation regarding the plea agreement. The agreement was not ambiguous.  That the government might move for an upward departure to as much as 151-188 months was stated in the plea agreement letter and explained at the rearraignment.  (Plea Agreement at § 6(d) and 7; Rearraignment Trsp. at 18-19.)  At sentencing, the government argued for an upward departure to a career offender range, (Gov't Sent'g Mem., ECF No. 30; Sent'g Trsp., ECF No. 43, at 4-5); Mr. Vitek argued for a guideline sentence in the 63-78 month range, (Def. Sent'g Mem., ECF No. 29; Sent'g Trsp. at 12-13); and this court, which was not bound by the plea agreement to any specific sentence, determined that a sentence of 120 months was reasonable under 18 U.S.C. § 3553(a), (Sent'g Trsp. at 16-18).  There would have been no basis for Mr. Vitek to move to withdraw the plea.

Accordingly, Threet's motion will be denied. No certificate of appealability will be issued.[2]

A separate Order follows.

<u>March 3, 2017</u>                                        <u>        /S/                                        </u>
Date                                                             Catherine C. Blake
                                                                       United States District Judge

---

[2] Threet is free to seek a certificate of appealability from the Fourth Circuit.