IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. CCB-14-020 |
| ARNOLD RUSSELL THREET | * | |

*******

## MEMORANDUM

Arnold Russell Threet is a fifty-five-year-old federal prisoner who is serving a 120-month sentence for bank robbery. Threet has served eighty-seven months, over seventy percent of his sentence. Now pending is Threet's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute), based on underlying health conditions that make him particularly susceptible to serious illness related to COVID-19. (ECF 68, 70).[1] The government opposes the motion, (ECF 73), and Threet has replied (ECF 76). For the reasons explained below, the motion will be granted and Threet's sentence will be reduced to time served, followed by a three-year term of supervised release.

## BACKGROUND

In July 2013, Threet and another man entered First Mariner Bank, in Cockeysville, Maryland. Either Threet or the other man used a pellet gun to force one of the bank's tellers to the ground and to take from the bank approximately $8,395. (ECF 40, Guilty Plea Tr. at 15–16). Threet pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113. (*Id*. at 3-4; ECF 25, Plea

---

[1] Threet supplemented his motion with additional documents (ECF 77), and the court received a letter from Threet's sister, Ms. Deanna Smith, in support of his release. The court considers these supplements.

1

Agreement). The court sentenced Threet to 120 months' imprisonment, followed by a three-year term of supervised release. (ECF 32, Judgment).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

On September 4, 2020, Threet filed an administrative request for compassionate release to the warden of FCI Petersburg Low, where he is currently incarcerated. (*See* ECF 77-1). As of October 14, 2020, Threet had received no response from his warden. (ECF 73 at 9). The government does not contest that Threet's motion is properly before the court, (*see id.*), nor does the government contest that extraordinary and compelling reasons make Threet eligible for a sentence reduction, (*id.* at 9–10).

Threet is contending with many health conditions, including type II diabetes, hypertension, a history of hepatitis C, and a history of stroke. (ECF 77-2, Medical Records, at 3; ECF 28, Presentence Report, at 14). The CDC has warned that individuals with type II diabetes "are at increased risk of severe illness" from COVID-19, that individuals with hypertension and/or a

history of stroke "might be at an increased risk for severe illness" from COVID-19, and that "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Nov. 2, 2020). Compounding the risk to Threet is his age, *see Coronavirus Disease 2019 (COVID-19): Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (updated Sept. 11, 2020) ("As you get older, your risk for severe illness from COVID-19 increases. For example, people in their 50s are at higher risk for severe illness than people in their 40s."), and the mere fact of his incarceration, *see, e.g.*, *Coreas v. Bounds*, 451 F. Supp. 3d 407, 413 (D. Md. 2020) ("Prisons, jails, and detention centers are especially vulnerable to outbreaks of COVID-19."). While the BOP's efforts at containing the spread of COVID-19 are commendable, they by no means eliminate the risks to prisoners like Threet. With case numbers increasing rapidly at the time of this memorandum, *see COVID in the U.S.: Latest Map and Case Count*, New York Times, https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last accessed Nov. 19, 2020) (showing a seventy-seven percent increase in cases nationwide over the last fourteen days), and knowing that the coming winter months are likely to exacerbate the pandemic, "it would be pollyannaish" to believe that FCI Petersburg Low, which currently has zero active infections of COVID-19 among inmates and one infected staff member, will continue to avoid further infections. *Wise v. United States*, Criminal No. ELH-18-72, 2020 WL 2614816, at *7 (D. Md. May 22, 2020). The court thus agrees with the parties that Threet's risk of severe illness from COVID-19 is an "extraordinary and compelling reason" to consider him for a reduction in sentence.[2]

---

[2] Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under

3

## DISCUSSION

Threet's eligibility for compassionate release does not guarantee relief. The court also must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable[.]" *See* 18 U.S.C. § 3582(c)(1)(A).

The government opposes Threet's release largely on the basis that his criminal history and his disciplinary record in prison show that he is a dangerous recidivist. Threet's criminal record is significant—it includes two additional robbery convictions, including a 1998 federal conviction for bank robbery for which he served 110 months, and state convictions from 1987 and 1988 for possession of an unregistered rifle and possession of a handgun, respectively. The seriousness of this record is reflected in the initial sentence the court imposed. At the time of his guilty plea, Threet's guideline sentencing range was between sixty-three and seventy-eight months. (ECF 33, Statement of Reasons, at 1). To afford adequate deterrence, protect the public from further crime, reflect the nature and circumstances of the defendant and the seriousness of the offense, promote respect for the law, and provide just punishment, the court imposed a sentence well above that

---

§ 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over sixty-five years old, has failing health, and has served at least ten years or seventy-five percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). According to the government, current Department of Justice policy interprets U.S.S.G. § 1B1.13 cmt. n.1(A) as providing that an incarcerated individual presents an "extraordinary and compelling reason" for a sentence reduction if they present one of the conditions identified by the CDC as one that increases the individual's risk of severe illness from COVID-19. (*See* ECF 73 at 9–10). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, 452 F. Supp. 3d 320, 323–324 (D. Md. 2020) (citing cases); *United States v. Brooker*, 976 F.3d 228, 234–36 (2d Cir. 2020).

advisory range. Without minimizing Threet's conduct or the court's determination that a 120 month sentence was warranted given his criminal history, the court considers it alongside Threet's post-sentencing conduct, which "provides the most up-to-date-picture of [his] 'history and characteristics.'" *See Pepper v. United States*, 562 U.S. 476, 492 (2001) (citing 18 U.S.C. § 3553(a)(1)).

Threet entered the BOP's custody with a serious substance abuse problem, an illness he acknowledges contributed to his criminal activities. (*See* ECF 70 at 6). Threet has now distanced himself from drugs, has completed non-residential drug programming at the BOP, and will continue substance abuse treatment upon his release. (ECF 77-3, Reentry Progress Report, at 1; ECF 70 at 6). He appears to have maintained the support of family during his incarceration. Threet has established a proposed residence upon his release, with his daughter,[3] and one of his sisters has written in support of his release. Threet has also completed, among other programming, twelve seminars, seven elective courses, and 500 community service hours during his incarceration. (ECF 77-3 at 2). His sole disciplinary incident in prison since his conviction, a refusal to obey an order in 2017, does not reveal him as likely to reoffend and does not clearly present an inability on his part to comply with supervision. On the contrary, Threet's most recent reentry progress report maintains that he "is not considered a management problem at this time. He continues to maintain a good [rapport] with staff and other inmates." (*Id.* at 3). This significant progress is reflected in the fact that the BOP has scheduled Threet to transition, in March 2021, to a halfway house for the remainder of his sentence. (ECF 72 at 2; ECF 73 at 12). After reviewing this history, the court is persuaded that accelerating his release by about four months poses a minimal risk to the community, *see* 18 U.S.C. § 3553(a)(2)(C).

---

[3] The court notes that Threet's proposal has yet to be approved by U.S. Probation, and would require such approval. (*See* ECF 77-3 at 2).

5

Based on the above considerations, and in light of the principle that a sentence should be "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), the court finds that the § 3553(a) factors weigh in favor of reducing Threet's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This, combined with the "extraordinary and compelling" risk to Threet of severe illness from COVID-19 should he remain in prison, leads the court to conclude that Threet is entitled to compassionate release.

## CONCLUSION

For the foregoing reasons, Threet's motion for compassionate release will be granted and his sentence will be reduced to time served. The terms and conditions of supervised release to which Threet was sentenced will remain in place, with the additional condition that Threet will spend the first six months of supervised release on home confinement, to be monitored by U.S. Probation, using location monitoring technology at the discretion of the Probation Officer. For the six-month home confinement period, Threet shall not leave the address approved by U.S. Probation except for activities approved in advance by U.S. Probation. In addition, he will be required to comply with all directives of federal, state, and local governments related to public health issues, including COVID-19. A separate order follows, which will be stayed for up to fourteen days, for the verification of Threet's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Threet's safe release, including by placing Threet in quarantine for a period of fourteen days and to evaluate him for the purposes of receiving a medical clearance.

__11/30/20_____                                       ___/S/_____
Date                                                                             Catherine C. Blake
                                                                                 United States District Judge